IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WILLIAM TERRY HULEN,

                    Petitioner,

            v.                          CASE NO. 04-3289-RDR

E.J. GALLEGOS,

                    Respondent.



O R D E R

    Petitioner proceeds pro se on pleading judicially construed
as a petition for writ of habeas corpus under 28 U.S.C. 2241.
Petitioner initiated this action by filing a "Motion to Enforce
Court Order" in his criminal case in the United States District
Court for the Northern District of Indiana, seeking jail credit
he claimed had been awarded on his federal sentence.  That court
transferred the matter to the District of Kansas, as the proper
venue for consideration of petitioner's claims under 28 U.S.C.
2241 regarding the execution of petitioner's sentence.

    Petitioner filed this action while incarcerated in the United
States Penitentiary in Leavenworth, Kansas.  On January 9, 1980,
petitioner entered a guilty plea in an Indiana state court to the
charge of murder, and was sentenced to a 60 year prison term.[1]

_____

    [1]In December 2002, the Indiana state court reduced the
sentence to 48 years, based on petitioner's progress during
incarceration.

On March 31, 1988, pursuant to a writ of habeas corpus ad prosequendum issued by the federal court, petitioner was removed from the Indiana Department of Corrections to appear in the United States District Court for the Northern District of Indiana on criminal charges involving the alteration of money orders. Following petitioner's conviction and the imposition of a three year federal sentence on August 26, 1988, petitioner returned to Indiana state custody for further service of his state sentence. In 2003, Indiana paroled petitioner and petitioner began receiving credit on his federal sentence.

Petitioner filed the instant action to seek credit on his federal sentence for his federal confinement on the writ of habeas corpus ad prosequendum between March 31 and August 26 in 1988.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). A prisoner's prior exhaustion of administrative remedies is generally required. Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986).

In the present case, respondents contend petitioner failed to demonstrate any exhaustion of BOP remedies on his claim of entitlement to additional jail credit, and failed to allege any valid reason for failing to seek administrative review. Having

reviewed the record,[2] the court agrees with this contention. Accordingly, the court finds federal habeas review of petitioner's claim for jail credit is precluded. <u>United States v. Woods</u>, 888 F.2d 653, 654 (10th Cir. 1989), *cert. denied*, 494 U.S. 1006 (2000).[3]

IT IS THEREFORE ORDERED that petitioner's motion (Doc. 11) to strike respondents' motion for an extension of time is denied.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus under 28 U.S.C. 2241 is dismissed without prejudice.

DATED: This 11th day of August 2005, at Topeka, Kansas.

  s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[2]Petitioner's motion (Doc. 11) to strike respondents' second request for additional time to file an answer and return is denied.

[3]Even if the claim were properly before the court, petitioner demonstrates no error in the computation of his federal sentence. Petitioner's reliance on language in the federal court's sentencing order, stating petitioner was "to be given full credit for all time previously served in connection with these charges," is misplaced. The federal court expressly stated that petitioner's federal sentence was to run consecutive to the state court sentence petitioner was serving at that time, and pursuant to 18 U.S.C. 3568(b), petitioner cannot obtain credit on a federal sentence for five months of jail time which was undisputedly credited to his state sentence. *See e.g.*, <u>Jefferson v. United States</u>, 389 F.3d 385 (2nd Cir. 1968)(federal prisoner transferred from state prison pursuant to federal writ of habeas corpus ad prosequendum not entitled to credit on resulting federal sentence for time spent in federal custody on that writ where that time was credited on the prisoner's state sentence).